Philip J. Terry, Esq. (SBN 148144)
Kimberly Corcoran, Esq. (SBN 148229)
CARLE, MACKIE, POWER & ROSS LLP
100 B Street, Suite 400
Santa Rosa, California 95401
Telephone: (707) 526-4200
Facsimile: (707) 526-4707
pjterry@cmprlaw.com
kcorcoran@cmprlaw.com

Daniel A. Reidy (SBN 139321)
REIDY LAW GROUP
1230 Spring Street, Suite B
St. Helena, California 94574
dan@reidylawgroup.com

Attorneys for Plaintiff,
BECKSTOFFER VINEYARDS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BECKSTOFFER VINEYARDS, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>BLICKER PIERCE WAGNER WINE MERCHANTS, LLC, a California limited liability company, doing business as BP WINE, BPWINE.COM and SLEEPER CELLARS; and NEW LAST BOTTLE, INC., a California corporation, doing business as LAST BOTTLE; WORLD'S END, LLC, a California limited liability company; and DOES 1-100.<br><br>Defendants. | CASE NO. 3:23-cv-00634-LB<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND FOR INJUCTIVE RELIEF:**<br><br>1. **FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C., § 1114 et seq.];**<br>2. **FEDERAL FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING AND UNFAIR COMPETITION [15 U.S.C. § 1125(a)];**<br>3. **MISAPPROPRIATION AND UNAUTHORIZED COMMERCIAL USE OF NAME AND PUBLICITY RIGHTS [Cal. Civ. Code § 3344];**<br>4. **UNFAIR COMPETITION [Cal. Bus. & Prof. Code, § 17200 et seq.];**<br>5. **DILUTION [Cal. Bus. & Prof. Code, § 14330 et seq.];**<br>6. **FALSE ADVERTISING [Cal. Bus. & Prof. Code, § 17500 et seq.];**<br>7. **BREACH OF CONTRACT;**<br>8. **CONSTRUCTIVE TRUST; AND**<br>9. **ACCOUNTING**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge:              Hon. Laurel Beeler<br>Complaint Filed:   February 13, 2023<br>Trial Date:         TBD |

1   Plaintiff BECKSTOFFER VINEYARDS ("**Plaintiff**" or "**Beckstoffer**"), for its

2   Complaint for trademark infringement and the other claims stated herein alleges as against

3   Defendants BLICKER PIERCE WAGNER WINE MERCHANTS, LLC, dba BP WINE,

4   BPWINE.COM and SLEEPER CELLARS; and, NEW LAST BOTTLE, INC., dba LAST

5   BOTTLE; WORLD'S END, LLC, and DOES 1 through 100 (collectively "**Defendants**"):

6   **INTRODUCTION**

7   1.   This is an action to redress violations of the federal trademark and unfair

8   competition laws (15 U.S.C.  § 1114 *et seq*., and § 1125 *et seq*.) as the result of Defendants'

9   willful and unauthorized use of Plaintiff's registered and common law trademarks and trade

10  names, unlawful use of Plaintiff's name and publicity rights, and related claims as more fully set

11  forth herein. Plaintiff seeks injunctive relief restraining Defendants' infringement of Plaintiff's

12  trademarks and trade names, as well as damages that are the direct and proximate result of the

13  infringement and wrongful acts.  In addition to damages and permanent injunctive relief,

14  Plaintiff seeks an accounting, the imposition of a constructive trust upon Defendants' illegal

15  profits, and other relief.

16  **THE PARTIES**

17  2.   Plaintiff is a California corporation organized and existing under the laws of

18  California with a business address at P.O. Box 405, Rutherford, California 94573.  Plaintiff is in

19  the business of growing, marketing, and selling wine grapes to wineries for the purpose of

20  making wine.

21  3.   Plaintiff is the owner of 89 acres of the historic "To Kalon" vineyard in

22  Rutherford, California. Grapes from the Beckstoffer To Kalon vineyard, and other Beckstoffer

23  vineyards located in Napa Valley, sell for some of the highest prices per ton in the United States.

24  Wine bearing the BECKSTOFFER TO KALON designation on their labels can sell for upwards

25  of $450.00 per bottle.

26  4.   Plaintiff licenses the name "Beckstoffer" to purchasers of its grapes to identify it

27  as the source and farmer of the grapes, together with the vineyard names (commonly known as

28  "vineyard designates"). Subject to specific terms and conditions, these trademark licenses allow

**CARLE, MACKIE,**
**POWER & ROSS** LLP

2

buyers of Beckstoffer grapes to place the name and trademark BECKSTOFFER on the fronts and/or backs of the buyers' wine bottles.

5.      A license from Plaintiff to place the BECKSTOFFER trademark on bottle labels is of great value to the licensees as wine consumers identify BECKSTOFFER as a source of high-quality grapes, and as a result are willing to pay prices for these wines well above the average price of Napa Cabernet Sauvignon wines.

6.      Upon information and belief, Defendant Blicker Pierce Wagner Wine Merchants, LLC, doing business as BP Wine, BP Wine.Com, and Sleeper Cellars (collectively "**Sleeper Cellars**") is a California limited liability company with a listed address at 22985 Burndale Road, Sonoma, CA 95476.  Upon information and belief, Defendant Sleeper Cellars is in the business of producing, procuring, and selling bottled wines.

7.      Upon information and belief, Defendant New Last Bottle, Inc., doing business as Last Bottle (collectively "**Last Bottle**"), is a California corporation with a listed address at 255 Lombard Road B, American Canyon, CA 94503.  Last Bottle is in the business of marketing, promoting, and selling bottled wine brands directly to consumers through its website.

8.      Upon information and belief, Sleeper Cellars and Last Bottle are wholly owned and controlled by the same three individuals, Corey Wagner, Brent Pierce, and Stefan Blicker. Last Bottle promotes Sleeper Wines as its "very own" wine label.

9.      Upon information and belief, Defendant World's End, LLC (hereinafter, **"World's End"**) is a Napa based company with a listed address of 905 Jefferson Street, Napa, CA 94581. World's End is in the business of producing wines and selling wine.

10.      When Defendant, World's End seeks to sell wine and reference Plaintiff's vineyard or name, etc., Defendant is required to comply with specific terms and conditions related to the commercial use of Plaintiff's name and or marks. World's End is strictly prohibited from selling unlabeled wine or grapes from Plaintiff's vineyard to third parties without Plaintiff's specific written permission.

11.      Based on information and belief, World's End is a separate legal entity and unrelated to the other named defendants in this action, and its principal, Jonathan Maltus, has no

equity ownership in any of the other named defendants.

12.     Upon information and belief, World's End is in breach of its agreement with Plaintiff. Without Plaintiff's knowledge, authorization, or permission, World's End sold wine it produced from Plaintiff's grapes, in the form of unlabeled bottles of wine to Sleeper Cellars and/or Last Bottle.

13.     Upon information and belief, Defendants individually and collectively are involved in the unlawful production, distribution, marketing, and/or sales of wine bearing names and marks in willful violation of Beckstoffer's trademark and other legal rights, including but not limited to the name BECKSTOFFER as well as the name TO KALON for which Plaintiff has licensing rights.

14.     Upon information and belief, Defendants Sleeper Cellars advertise and market their wine online through Last Bottle, and have unlawfully marketed, sold, and/or distributed their wine products bearing the names BECKSTOFFER and TO KALON in the state of California, including through Defendants' locations in Sonoma and Napa, California.

15.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this Complaint when the names of said Defendants have been ascertained.

16.     Plaintiff is informed and believes, and upon such information and belief alleges, that at all times herein mentioned Defendant DOES 1 through 100, inclusive, were the agents, employees, servants, consultants, principals, employers, or masters of each of their Co-Defendants and each Defendant has ratified, adopted or approved the acts or omissions hereinafter set forth of the remaining Defendants, and each and every Defendant. Plaintiff is further informed and believes, and upon such information and belief alleges, that each of these fictitiously named Defendants is responsible in some manner for acts and/or omissions herein alleged.

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §

1338(a), in that this case arises under the trademark laws of the United States.  Specifically, this is an action for federal trademark infringement arising under Section 32 of the Lanham Act, 15 U.S.C. § 1114 *et seq*.; federal and common law infringement and unfair competition because of false advertising and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a); and for related claims of common law trademark infringement and California unfair competition, false advertising, and dilution. The Court has jurisdiction over the subject matter of the related unfair competition claims pursuant to 28 U.S.C. §1338(b) because those claims are joined with substantial and related claims brought under the trademark laws.

18.     This Court has personal jurisdiction over Defendants, and venue is proper in this Judicial District pursuant to 28 U.S.C. § l391(b) because, inter alia, (a) Defendants and/or their agents, are doing business in this District and operating an interactive website; and (b) events giving rise to this lawsuit, as well as substantial injury to Plaintiff, have occurred or will occur in interstate commerce, in the State of California, and in the Northern District of California as a result of Defendants' violations of the asserted trademark as alleged in detail below.  Defendants and/or their agents have purposefully availed themselves of the opportunity to conduct commercial activities in this forum.  For example, Defendants maintain places of business in California and advertise their wine in the state of California, including through Defendants' Napa, California location.

19.     Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) in that Defendants conduct commercial activities in this District, and pursuant to 28 U.S.C. § 1391(c) as Defendants are corporations and are deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

## FACTS COMMON TO ALL CLAIMS

A.     **Plaintiff's Registered Trademarks**

20.     Plaintiff owns a series of valid federally registered trademarks that include the name "Beckstoffer" in International Class 031 for fresh wine grapes including U.S. Registration Nos. 559853 for BECKSTOFFER VINEYARD GEORGES III; 5598349 for BECKSTOFFER CARNEROS LAKE VINEYARD; 5598350 for BECKSTOFFER CARNEROS CREEK

VINEYARD; 5532737 for BECKSTOFFER VINEYARDS; and 5532738 for BECKSTOFFER MISSOURI HOPPER VINEYARD (collectively the "**Registered Marks**").  Each of these marks were filed in 2016 and registered in 2018.

21.     The Registered Marks are all valid, subsisting, and conclusive evidence of the validity of the Beckstoffer mark, Plaintiff's ownership of the mark, and Plaintiffs' exclusive right to use them in commerce on or in connection with the goods and services specified therein.

22.     Plaintiff actively uses the Registered Marks in commerce in its advertising and sale of wine grapes, and further licenses its Beckstoffer name and Registered Marks to wine producers that buy its grapes for placement on the wine producers wine labels.  Plaintiff has continuously used and licensed the Registered Marks for wine goods in commerce since as early as 2000.

**B.     Plaintiff's State Law and Common Law Rights:**

23.     Plaintiff has a long history of using and licensing the name Beckstoffer, and the Registered Marks (collectively the "**Beckstoffer Marks**"), as an indication of source in the marketing and sales of its wine grapes to both wineries and consumers of wine. As a result, consumers associate Plaintiff's name and the Beckstoffer Marks with high-end wine grapes and finished wine goods produced from Beckstoffer grapes. Attached hereto as **EXHIBIT A** are representative examples of wine goods bearing the Beckstoffer Marks.

24.     Plaintiff, while based in California, has offered for sale, advertised, and sold its wine grapes, and licensed its mark to numerous well-known wine producers who sell their wines bearing Plaintiff's Beckstoffer Marks on their wine labels domestically and internationally for well over two decades.

25.     As a result of the Plaintiff's marketing and wine grape sales activities, and the licensing of its name to numerous prestigious wineries that prominently display the Beckstoffer Marks on the front labels of their wine bottles, the name Beckstoffer, has established common law trademark rights throughout the United States for both wine grapes and wines.

**C.     Defendants' Infringing Acts**

26.     World's End purchases grapes from vineyard owners including, as stated on its

website, from "the most exclusive vineyards around, To Kalon, Oakville."  It then produces the wine and sells it direct to customers or through distributors under various music themed wine labels, including "If Six was Nine" "Good Times Bad Times," and "Rebel Rebel."

27. On or about June 5, 2014, World's End executed a written "*Multiple Year Vineyard Designate Grape Contract*" with Plaintiff that contained an exhibit entitled "*Conditions of Non-Exclusive License to use Beckstoffer and/or Specific Beckstoffer Vineyard Name*" (collectively the "Grape Contract and License").

28. Among other things, the Grape Contract and License granted Defendant World's End a license to reference the "Beckstoffer" name and mark in connection with wines it made from grapes purchased from Beckstoffer Vineyards.

29. The Grape Contract and License was subject to certain conditions, notably, each page of the license stated in bolded capital letters:

> "Use of Beckstoffer Name**…**LICENSE IS GRANTED TO CONTRACTING WINERY ONLY FOR THEIR RETAIL PRODUCTS"

30. Further, the Grape Contract and License requires that any wine that references Beckstoffer's name or mark must contain grapes of which at least 95% were purchased from Plaintiff.

31. Based upon information and belief, in or about July 2022, Defendant World's End sold upwards of 4,000 bottles of unlabeled wine (commonly known as "shiners") to Defendants Blicker Pierce Wagner Wine Merchants, LLC and its dba, Sleeper Cellars (collectively "Sleeper Cellars").  At this time, it is unknown what percentages of grapes, if any, came from Beckstoffer Vineyards. These shiners are hereinafter referred to as the "Infringing Wine."

32. Based upon information and belief, World's End informed Sleeper Cellars that the Infringing Wine was made from grapes it had purchased from Plaintiff, sourced from the Beckstoffer To Kalon vineyard with knowledge that Sleeper Cellars intended to market and sell the wine using the Beckstoffer mark and name and reference its To Kalon vineyard.

33. Upon information and belief, Defendant Sleeper Cellars has recently sold, and is selling a wine that bears the name "Beckstoffer To Kalon" on the front label of the bottle.

34.     Upon information and belief, Defendant Sleeper Cellars advertises, markets, and sells their wine bottles bearing the Beckstoffer name and trademark online through its affiliated company, Defendant Last Bottle.  Attached hereto as **EXHIBIT B** is a copy of a recent online promotion on Defendant's Last Bottle online retail website of Sleeper Cellar's wine bearing the Beckstoffer name and trademark.

35.     Upon information and belief, each Defendant was well aware that their use of the Beckstoffer name and trademark to sell their wine goods was unlawful, as indicated in their copy on the Last Bottle promotion depicted in Exhibit B which reads: "*There's a lot more super-secret stuff we CAN'T tell you about (thanks to a 6 page non-disclosure), but really, we already let the cat out the bag when we typed "Beckstoffer To Kalon"—no doubt our legal counsel is furious...not to mention the all-powerful To Kalon Illuminati…*".

36.     Upon information and belief, that beginning at a time unknown, but after Plaintiff's first commercial use of the Beckstoffer trademark in commerce and continuing to the present, Defendants actively engaged in the illegal and unlawful business of advertising, distributing, and selling a deceptively confusing product line of wine, including use of Plaintiff 's Beckstoffer trademark and trade name, or imitation thereof.

37.     Defendants' use of the Beckstoffer trademark began at an unknown date and time, and, upon information and belief, began after January 1, 2023.

38.     Upon information and belief, Defendants advertise, market, distribute, and/or sell its products, namely wine, bearing the Beckstoffer trademark prominently and deceptively on the front label of the wine in interstate commerce in several states including California and on the internet among other locations, and specifically through their website lastbottlewines.com.

39.     Defendants, and Plaintiff through its sale of wine grapes to its buyer and trademark licensees, are in the same industry, alcohol and specifically wine, and offer for sale the same products, specifically wine produced from wine grapes to the same target customers.

40.     Defendants, and Plaintiff through its trademark licenses granted to its winery licensees, advertise, distribute, and/or sell their alcohol-related products in the same or similar trade channels, including at online retail stores.

41.     Defendants' use of the Beckstoffer Marks and other imitations thereof are confusingly similar to Plaintiff's federally registered marks and Plaintiff's state and common law trademark and trade name rights.

42.     Defendants' use of the name Beckstoffer and other variations is in direct competition with Plaintiff's Beckstoffer Marks and trade names.

43.     Defendants' use of the Beckstoffer name and other variations thereof in the alcohol and wine industry has caused actual confusion and/or is likely to cause confusion as to source, sponsorship, and/or affiliation in relation to Plaintiff's Beckstoffer Marks.

44.     Defendants' use of the Beckstoffer name harms Plaintiff's goodwill and dilutes Plaintiff's trademarks and trade names.

45.     Plaintiff is informed and believes, and thereon alleges, that Defendants will continue to use Plaintiff's mark unless enjoined from its use. Thus, Defendants' use will continue to harm Plaintiff's goodwill and will continue to dilute Plaintiff's mark and trademark rights unless enjoined.

46.     Upon information, Defendants' use of the word and trademark Beckstoffer on their wine products and/or advertising has caused and will cause Plaintiff and its licensees immediate and irreparable harm.

47.     Unless restrained and enjoined, Defendants will continue to engage in the acts complained of herein and expand its use of Plaintiff's marks and trade name, causing irreparable damage to Plaintiff. Plaintiff's remedy at law is not adequate to compensate Plaintiff for all the injuries resulting from Defendants' actions.

48.     Defendants are not affiliated with Plaintiff.  Defendants' use of the BECKSTOFFER mark is not authorized by Plaintiff.

## FIRST CAUSE OF ACTION

### TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114 et. seq.)

49.     Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 40 inclusive and incorporates them as though fully set forth herein.

50.     As set forth above, Plaintiff is the owner of the Registered Marks and Beckstoffer Marks.  Plaintiff has used its Beckstoffer Marks continuously in commerce for each of its products, including those described and identified above in this Complaint. Said marks identify the goods and services of Plaintiff, only, and distinguishes those products because of their long use by Plaintiff and its licensees that are authorized to advertise, distribute and/or sell Plaintiff's products.

51.     Defendants' activities as alleged herein constitute infringement of Plaintiff's trademarks in violation of the Lanham Act, including, but not limited to, 15 U.S.C. § 1114(a).

52.     Defendants' wrongful conduct includes the advertising, distribution and/or sales of each and every product sold under the Beckstoffer Marks that are confusingly similar, nearly identical, and identical to Plaintiff's Beckstoffer Marks.  Whether imitation, or confusingly similar and deceptive, the infringing products that Defendants have and are continuing to create, use, offer, advertise, distribute and/or sell under the Beckstoffer Marks are so similar to genuine products bearing Plaintiff's BECKSTOFFER mark that they cause actual confusion and/or are likely to cause confusion and mistake as to the source of the product and/or sponsorship, ownership, or affiliation of Plaintiff's products.

53.     On information and belief, and thereon alleged, Defendants have developed, advertised, marketed and/or distributed its infringing products with the knowledge of Plaintiff's trademark and trade name and with willful and calculated purposes of (a) misleading, deceiving or confusing customers and the public as to the origin of the infringing products/materials, and (b) trading upon Plaintiff's business reputation and goodwill.  At a minimum, Defendants acted with knowledge and reckless disregard of Plaintiff's registered and common law trademarks and trade name.

54.     In addition, World's End breached the Grape Contract and License and thereby infringed the Beckstoffer Marks by selling the Infringing Wine to a third party, namely Sleeper Cellars with knowledge that Sleeper Cellars intended to promote and sell the wine as containing grapes from the Beckstoffer To Kalon vineyard, which was expressly prohibited in the Grape Contract and License.

55.     As a result of its wrongful conduct, Defendants are liable to Plaintiff for trademark infringement.  Plaintiff has suffered, and will continue to suffer, losses, including, but not limited to, damage to its business reputation and goodwill. Plaintiff is entitled to recover damages, which include its losses and all profits Defendants have made as a result of its wrongful conduct, pursuant to 15 U.S.C. § 1117(b).

56.     Plaintiff is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a), as it has no adequate remedy at law as Defendants continue to develop, advertise and/or sell their products to the same or similar consumers as Plaintiff does as well as through the same channels, including the Internet and distributors.  On information and belief and thereon alleged, Defendants may expand their wines bearing the Beckstoffer Marks.  Lastly, Plaintiff is entitled to injunctive relief as its business reputation and goodwill will be irreparably harmed if Defendants' wrongful activities continue and consumers and/or potential consumers and the public are confused and/or are likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of the infringing materials.

57.     Plaintiff is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

WHEREFORE, Plaintiff prays for judgment, damages and injunctive relief against Defendants as set forth below.

## SECOND CAUSE OF ACTION

### FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING, AND UNFAIR COMPETITION
### (15 U.S.C. §§ 1125(a) *et seq.*)

58.     Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 48 inclusive and incorporates them as though fully set forth herein.

59.     Because Plaintiff advertises, markets, distributes, and sells its products under the trademark described in this Complaint, this trademark is the means by which Plaintiff's products and materials are distinguished from the products and materials of others in the same or related fields.

60.     Due to Plaintiff's long, continuous, and exclusive use of the Beckstoffer Marks,

the name BECKSTOFFER has come to mean, and is understood by customers and the public, to signify products and services and materials of Plaintiff, particularly when used related to wines.

61.     Plaintiff has designed and used, and continues to use, and license its Beckstoffer Marks with the Plaintiff's name on packaging for wine products and materials, just for this purpose.

62.     Defendants' wrongful conduct includes the use, advertising, marketing, distribution, and/or sale of products bearing Plaintiff's marks, as well as Plaintiff's name, and/or imitations of said marks that are virtually indistinguishable from Plaintiff's mark, in connection with its products.

63.     Plaintiff is informed and believes, and upon that basis alleges, that Defendant engaged in such wrongful conduct with the willful purpose of misleading, deceiving, or confusing customers and the public as to the origin and authenticity of the products offered, marketed, distributed, and/or sold in connection with Plaintiff's marks, name, and imitation of visual materials and design and is and trading upon Plaintiff's business reputation and goodwill.

64.     Defendants' conduct constitutes: (a) false designation of origin, (b) false or misleading description, and (c) false or misleading representation that the imitation "Beckstoffer" To Kalon products originate from or are authorized by Plaintiff, all in violation of section 43(a) of the Lanham Act, set forth at 15 U.S.C. § 1125(a).

65.     Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

66.     As a result of Defendants' wrongful conduct, Plaintiff has suffered and will continue to suffer losses, including, but not limited to, sales revenues illegally and unfairly captured by Defendants, damage to its business reputation and good will.

67.     Plaintiff is entitled to injunctive relief enjoining Defendants' wrongful conduct pursuant to 15 U.S.C. § 1125(a), and to an order impounding all products or materials bearing imitation marks being used, offered, advertised, distributed and/or sold by Defendants.

68.     Plaintiff has no adequate remedy at law for Defendants' wrongful conduct because, among other reasons: (a) Plaintiff's marks, names, and designs are unique and valuable property, which has no readily determinable market value; (b) Defendants' advertising,

marketing, distribution, and/or sales of imitated marks works a great harm to Plaintiff's business reputation and goodwill such that Plaintiff could not be made whole by any monetary award; and (c) Defendants' wrongful conduct, and the resulting damage to Plaintiff, is continuing and likely expanding.

69.    Plaintiff is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

WHEREFORE, Plaintiff prays for judgment, damages, restitution, seizure, an accounting, and injunctive relief against Defendants, and each of them, as set forth below.

## THIRD CAUSE OF ACTION

### MISAPPROPRIATION AND UNAUTHORIZED COMMERCIAL USE OF NAME AND PUBLICITY RIGHTS
**[Cal. Civ. Code § 3344]**

70.    Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 60, inclusive, and incorporates them as though fully set forth herein.

71.    Continuing through the present, Defendants knowingly used and are continuing to use Plaintiff's name and likeness for Defendants' advantage and commercial profit, all without Plaintiff's prior consent or knowledge in violation of California Civil Code § 3344.

72.    As a direct and proximate result of the above-described acts by Defendants, Plaintiff has suffered damages. In addition to damages attributed to Defendants' unauthorized use of Plaintiff's name and likeness or statutory damages, Defendants are liable to Plaintiff for the amount of any profits Defendants received from the unauthorized use of Plaintiff's name and or likeness.

73.    Plaintiff did not authorize Defendants' use of Plaintiff's name or likeness in any of the materials hereto as Exhibit B.

74.    In the process making intentional misrepresentations, engaging in deceit and concealing material facts known to Defendant by engaging in the actions described herein, Defendants acted with the intention to thereby deprive Plaintiff of its property rights, legal rights and otherwise to cause it injury, as described herein above.

75.    In doing the acts alleged herein, Defendants engaged in a willful and conscious

disregard of Plaintiff's rights and acted with negligence, oppression, fraud, and malice, engaging in despicable conduct.

76.     Under authority of California Civil Code § 3344, Plaintiff is entitled to an award of reasonable attorneys' fees and costs of suit incurred herein,

77.     Plaintiff is also entitled under California Civil Code § 3344 to an award of punitive damages against Defendants.

78.     Defendants will continue using the misappropriated name and likeness of Plaintiff for purposes of promoting Defendants' fraudulent and unlawful scheme of advertising and selling wine attributed to Plaintiff, for their overall advantage, including, but not limited to commercial gain and profit.

79.     Unless and until enjoined and restrained by order of this Court, Defendants' use of Plaintiff's name and likeness will cause Plaintiff continued and great harm and irreparable injury by the impairment of Plaintiff's business reputation.

80.     Plaintiff, thus, has no adequate remedy at law for the injuries being suffered in that a judgment for monetary damages alone will not end the invasion of Plaintiff's right of privacy to utilize its name or likeness without fear of fraudulent misappropriation or otherwise suffice to fully remedy Plaintiff's injuries.

WHEREFORE, Plaintiff prays for judgment, damages, restitution, punitive damages, seizure, an accounting, and injunctive relief against Defendants, and each of them, as set forth below.

### FOURTH CAUSE OF ACTION

### UNFAIR COMPETITION
**(California Business & Professions Code §§ 17200 et seq.)**

81.     Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 71 inclusive, and incorporates them as though fully set forth herein.

82.     Defendants' aforesaid conduct constitutes unfair, unlawful, and fraudulent business practices in violation of California Business & Professions Code Sections 17200 et seq., in that Defendants' use of confusingly similar marks and/or counterfeit marks to those of

Plaintiff in the exact same industry related to the same products constitutes unfair competition, as Plaintiff was the first to use its various marks in conjunction with its products and services in the in the wine industry, among others, and has obtained a registered trademark for said mark. Plaintiff has continuously used the Beckstoffer Marks and trade name as set forth above and expanded the use of said mark. Plaintiff and Defendants are in direct competition as they advertise and offer for sale the same products, to the same target customers, and operate in the same advertising space, including through distributors, retail store locations, and bars/restaurants.

83. As a direct and proximate result of the unfair and illegal conduct and representations to consumers and the public by Defendants, and each of them, as herein alleged, Plaintiff has been damaged in an amount not yet ascertained and continues to be damaged. These wrongful acts have proximately caused and/or will continue to cause Plaintiff substantial injury, including confusion in the marketplace, wrongful association, dilution of its goodwill, confusion of government partners and potential customers, injury to its reputation, and diminution in value of its trademarks and trade name.  These actions cause imminent irreparable harm and injury to Plaintiff.

84. As a result of Defendants' wrongful conduct, Plaintiff is entitled to recover from Defendants the gains, profits, and advantages they have obtained as a result of its wrongful acts as hereinabove alleged and said amounts should be disgorged and restitution made to Plaintiff.

WHEREFORE, Plaintiff prays for judgment and injunctive relief against Defendants, and each of them, as set forth below.

## FIFTH CAUSE OF ACTION

### DILUTION
### (California Business & Professions Code §§ 14330 et seq.)

85. Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 75, inclusive, and incorporates them as though fully set forth herein.

86. Plaintiff has, since 1983, advertised, marketed, offered for sale, and sold products using the Beckstoffer Marks and name, including in its advertising, packaging, and logos for its wine products described above. Plaintiff has built up valuable goodwill in the Beckstoffer Marks,

and the name "Beckstoffer," and have come to be associated exclusively with Plaintiff's company and are strong marks in the wine industry.

87. Defendants have, in connection with the advertising, distribution and sale of its imitation products, used marks and labels that are confusingly similar or identical to Plaintiff's marks, and used the Beckstoffer mark and name in a trademark sense to indicate source, thereby diluting the distinctive quality of Plaintiff's marks and the goodwill associated with such marks.

88. Defendants have acted with knowledge of the use of Plaintiff's mark and Plaintiff's application for the mark related to products sold by Plaintiff for the purpose of usurping the goodwill and reputation associated with Plaintiff and its products, as well as to willfully and intentionally confuse, mislead, and deceive members of the public by such use.

89. Defendants' actions have, and continue to, dilute, blur and tarnish the strong and positive associations represented by Plaintiff's marks and lessen the capacity of Plaintiff's marks to identify and distinguish Plaintiff and its products, including its Beckstoffer products and cause Plaintiff's marks to be associated with products that are not made, distributed, sponsored, endorsed or approved by Plaintiff.

90. Defendants' use is not for comparative advertising.  Defendants do not use the Beckstoffer Marks or trade name in advertising to compare the relative qualities of the competitive goods.

91. Defendants' acts are willful and are in violation of California Business and Professions Code Section 14330 et seq., and Plaintiff has been, and continues to be, damaged by these acts.

WHEREFORE, Plaintiff prays for judgment and injunctive relief against Defendants, and each of them, as set forth below.

## SIXTH CAUSE OF ACTION

### FALSE ADVERTISING
### (California Business & Professions Code §§ 17500 et seq.)

92. Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 82, inclusive, and incorporates them as though fully set forth herein.

93.     Defendants were aware of Plaintiff's use of and rights in its marks and that the advertising, promotion, distribution, and sale of its products would mislead and create a likelihood of confusion to consumers, potential consumers, and the public. Upon information and belief, Defendants were aware of or should have been aware of Plaintiff's registered trademark.

94.     Defendants' use of their confusingly similar and/or identical marks to advertise and promote their products, and well as using such marks on their infringing products to indicate that the Beckstoffer mark and name is used in its trademark sense to indicate source, affiliation, or sponsorship, has caused actual confusion and/or is likely to cause confusion with respect to Plaintiff's and its licensees' products with Defendants' products and falsely, misleadingly, and confusingly implies that Defendants' products are genuine Plaintiff products or are sponsored by, or affiliated with, or approved by Plaintiff.

95.     Defendants' actions are willful and constitute false advertising as it is likely to deceive, confuse, and mislead consumers, potential consumers, and members of the public in violation of California Business and Professions Code Section 17500 et seq.  Plaintiff has been and continues to be damaged and irreparably harmed by these acts.

96.     Pursuant to California Business and Professions Code Section 17535, Plaintiff is entitled to injunctive relief, and to an order requiring Defendants to make restitution of all profits that Defendants realized as a result of their false and misleading advertising.

WHEREFORE, Plaintiff prays for judgment, restitution, and an injunction against Defendants, and each of them, as set forth below.

## SEVENTH CAUSE OF ACTION

### BREACH OF CONTRACT

97.     Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 87, inclusive, and incorporates them as though fully set forth herein.

98.     Plaintiff licenses its Beckstoffer name and Beckstoffer Marks to wine producers that buy Plaintiff's grapes to produce wine. Such producers use the name and marks under license in connection with the wine they produce with Plaintiff's grapes. Plaintiff has continuously used and licensed the Beckstoffer name and trademark for wine goods in commerce

since as early as 2000, and only allows the use of its name and marks subject to strict requirements in its licensing agreements with wine producers.

99.     Purchasers of Beckstoffer's grapes may only use Plaintiff's name, likeness, and marks pursuant to rights conveyed by license.

100.     The Infringing Wine including the wine advertised and sold by Defendants in connection with the unauthorized use of Plaintiff's name and marks was sold to or provided to Defendants by a purchaser or purchasers of Plaintiff's grapes, including Defendant, World's End.

101.     Defendant, World's End and such other purchaser or purchasers, identified herein as Does 1-50, who in turn supplied or sold wine to Defendants, breached the terms and conditions contained in the licensing agreement between Plaintiff and such purchaser or purchasers (e.g., the Grape Contract and License with World's End) by engaging in such sale or by providing wine to Defendants without complying with the terms and conditions of their licensing agreement with Plaintiff.

102.     As a proximate result of such breach of their licensing agreement, World's End and any such other purchaser or purchasers identified herein as Does 1 – 50 have caused Plaintiff to suffer damage in an amount to be proven at trial.

103.     In addition to financial damages for the above-described breach or breaches of contract, each of Plaintiff's license agreements provide for the recovery of reasonable attorneys' fees in the event of a dispute regarding the terms and conditions of, or to enforce, any such license agreement. Plaintiff is, thus, entitled to recovery of its reasonable attorneys' fees in establishing liability for breach of its licensing agreement or agreements with the purchaser or purchasers of its grapes, identified herein as Does 1-50.

WHEREFORE, Plaintiff prays for judgment of damages and an award of attorneys' fees and costs, as set forth below.

## EIGHTH CAUSE OF ACTION

## CONSTRUCTIVE TRUST

104.     Plaintiff realleges each and every allegation in Paragraphs 1 through 94, inclusive,

and incorporates them as though fully set forth herein.

105. Defendants' acts and conduct constitute deceptive, fraudulent, and wrongful conduct in the nature of passing off their infringing Beckstoffer To Kalon wine products as those approved by, authorized by, affiliated with, or sponsored by Plaintiff.

106. By virtue of Defendants' wrongful acts and conduct, Defendants have illegally received money and profits that rightfully belong to Plaintiff.

107. Plaintiff is also entitled, pursuant to 15 U.S.C. § 1117(a), 17 U.S.C. § 504(b), and California Civil Code § 3344, to recover all profits of Defendants that are attributable to their acts of infringement of violations thereof.

108. Defendants hold the illegally made profits in the form of money and property as constructive trustees for the benefit of Plaintiff.

WHEREFORE, Plaintiff prays for judgment and or decree declaring all profits by Defendants attributable to their acts of infringement and misappropriation of Plaintiff's name and likeness be held in constructive trust for the benefit of Plaintiff.

## NINETH CAUSE OF ACTION

### ACCOUNTING

109. Plaintiff realleges each and every allegation in Paragraphs 1 through 99, inclusive, and incorporates them as though fully set forth herein.

110. Plaintiff is entitled, pursuant to 15 U.S.C. Section 1117(a) and 17 U.S.C. Section 504(b), to recover all profits of Defendants that are attributable to their acts of infringement or violations thereof.

111. The amount of money due from Defendants to Plaintiff is unknown to Plaintiff and cannot be ascertained without a detailed accounting by Defendants of the precise number of infringing materials advertised or offered for distribution and sold by Defendants.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully requests judgment as follows:

1. That the Court enter a judgment against Defendants, finding that Defendants have:

   a. Willfully infringed Plaintiff's rights in its federally registered trademarks;

b. Willfully infringed Plaintiff's rights in common law trademarks and trade name;

c. Committed and are committing acts of false designation of origin, false or misleading description of fact, and false or misleading advertising against Plaintiff;

d. Committed and are committing unfair business competition by and through deceptive advertising and false designations of origin;

e. Misappropriated Plaintiff's name and right to publicity in violation of California Civil Code Section 3344;

f. As to Defendant World's End and DOES 1-50, breached their licensing agreement with Plaintiff.

g. Otherwise injured the business reputation, goodwill and business of Plaintiff and irreparably harmed Plaintiff by the acts and conduct set forth in this Complaint.

2. That this Court issue temporary and permanent injunctive relief against Defendants, and each of them, and that Defendants, their agents, representatives, servants, employees, attorneys, successors and assigns and all others in active concert or participation with Defendants, be enjoined and restrained from:

a. Imitating, copying, or making any other infringing use or infringing distribution of the products or materials protected by Plaintiff's trademarks;

b. Manufacturing, distilling, producing, distributing, offering for distribution, selling, offering for sale, advertising, importing, promoting or displaying any products, items or other things bearing any simulation, reproduction, copy or colorable imitation of products, items or things protected by Plaintiff's trademarks;

c. Using any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's registered trademark or common law trademarks, in connection with the manufacture, assembly, production, distribution, offering for

distribution, sale, offering for sale, import, advertising, promotion or display of any product, item or thing, including alcohol and wine and related materials not authorized by Plaintiff;

d.  Using any false designation of origin or false or misleading description or false or misleading representation or name, that can or is likely to lead the industry or public erroneously to believe that any product, item or thing has been manufactured, distilled, produced, distributed, offered for distribution, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved or authorized by or for Plaintiff, when such is not true in fact;

e.  Using the names, logos, or other variations thereof, of any of Plaintiff's trademark protected products and materials in any of the Defendants' trade or corporate names or products;

f.  Engaging in any other activity constituting an infringement of any of Plaintiff's trademarks, and/or trade name or of Plaintiff's rights in or right to use to exploit, these trademarks and/or trade name, and;

g.  Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs a through f above.

3.  That the Court enter an order declaring that the Defendants hold in trust, as constructive trustee for the benefit of Plaintiff, all profits received by Defendants from their distribution or sale of counterfeit or imitation or infringing products and materials, and issue temporary and permanent injunctive relief enjoining and restraining Defendants and their agents from transferring, concealing or dissipating all profits and assets acquired in whole or in part with those profits.

4.  That the Court enter an order requiring Defendants to provide Plaintiff a full and complete accounting of all profits received by Defendants from their distribution or sale of counterfeit, imitation and infringing products and/or materials, and of any

1   other amounts due and owing to Plaintiff as a result of Defendants' illegal activities.

2      5.   That the Court order Defendants to pay Plaintiff's general, special, actual and

3           statutory damages, including Defendants' profits, for Defendants' willful

4           infringement of Plaintiff's trademarks.

5      6.   That the Court award Plaintiff exemplary damages against Defendants for engaging

6           in willful acts of oppression, fraud, malice, despicable conduct and for Defendants'

7           willful and conscious disregard of Plaintiff's rights.

8      7.   That the Court order Defendants to pay Plaintiff the costs of this action and the

9           reasonable attorneys' fees incurred by Plaintiff in prosecuting this action.

10     8.   That the Court grant to Plaintiff such other and additional relief as may be just and

11          proper in the premises.

12                          <u>**DEMAND FOR JURY TRIAL**</u>

13          Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh

14   Amendment to the Constitution of the United States, Plaintiff hereby demands a trial by jury of

15   all issues triable in the above action.

16   Dated:  April 27, 2023                    CARLE, MACKIE, POWER & ROSS LLP

17

18                              By:   /s/ Philip J. Terry

19                                    Philip J. Terry
                                      Kimberly Corcoran
20                                    Attorneys for Beckstoffer Vineyards

21

22

23

24

25

26

27

28

# EXHIBIT A





Cabernet Sauvignon   Napa Valley

*Carter*

C E L L A R S

2008

Beckstoffer
To Kalon Vineyard

14.8% ALCOHOL BY VOLUME



Cabernet Sauvignon   Napa Valley

*Schrader*

2009

BECKSTOFFER

To Kalon Vineyard

14.6% ALCOHOL BY VOLUME





# EXHIBIT B



Super Limited!



## Sleeper Cabernet Sauvignon Beckstoffer To Kalon 2019

YES!!! Today we blow your Napa Valley cabernet drinking mind (if you can get some fast enough...) with this are-you-kidding-me, completely unfathomable, BECKSTOFFER TO KALON CABERNET.

** We're gonna take a brief pause to let the enormity of that all sink in... **

OK...this is all a little surreal...the one, the only, THE To Kalon (!!!), all under our very own Sleeper label. YEAH, you read THAT right. But seriously, tremendously, IMPOSSIBLY LIMITED...so if you know To Kalon, you know that you will never

EVER find CABERNET SAUVIGNON from that holiest of holy ground in the heart of Oakville for UNDER $100. For under $200 even! GET YOURS NOW!

Lordy, I hope you got some already. This is a GAME-CHANGER! We've had some epic wines and monumental deals with our Sleeper portfolio over the years – BUT THIS! Our first ever completely To Kalon cabernet sauvignon (and we WISH we could promise there'd be more to come, but really, who knows?)! This exact wine snagged a 96 POINT score from a top critic (seriously, we can't say more...).

There's a lot more super-secret stuff we CAN'T tell you about (thanks to a 6-page non-disclosure), but really, we already let the cat out the bag when we typed out "Beckstoffer To Kalon" – no doubt our legal counsel is furious...not to mention the all-powerful To Kalon Illuminati that ensures you NEVER see cabernets from that vineyard for less than $250! If you got some, CONGRATULATIONS! You are one of the few people on this planet to own this. Please know that we have almost NOTHING of this to sell, and it will go in a FLASH of cabernet brilliance, like the sun setting over the Mayacamas range that is the backdrop for this vineyard.

2019 in Napa is a big, fruit-driven, and opulent vintage in general, and this wine has some serious power – all wrapped in sexy, elegant brilliance. INKY!! Lush! Midnight purple madness! Glass-coating, mouth-filling, dark mocha sensationalism! Huge wine, with masses of blackberry and blueberry fruit, plus high-toned violets, spicy oak, and wildflowers – IMMENSE but never over the top – boasting a strong line of bright acidity and velvety tannins. Classic Oakville, classic To Kalon, if you will, with all manner of complexity enriching secondary notes – leather, cocoa powder, molasses, allspice...just a whopper of a cabernet that is going to age for several decades...! There you go...a hyper-limited Sleeper Special!! While it lasts…!



**VIEW OFFER**

*Free ground shipping on 2 or more bottles.*

# Get $50 in Credits

If you happen to purchase the actual "last bottle" of
this offer, you'll instantly receive $50 in credits.

**View Offer**

# Receive $30

Just invite your friends—they'll get $10 and you'll get a
$30 credit when they make their first purchase.

**Invite now**

You are receiving this email because you signed up for Last Bottle. Please add wines@lastbottlewines.com
to your address book to ensure inbox delivery. Unsubscribe instantly from all future offers